## CIRCUIT COURT OF CHESTERFIELD COUNTY

A. E. Tate Lumber Co., Inc.

v.

First General Services
of Richmond, Inc.

February 1, 1988

Case Nos. (Chancery) 6622-87 and 6145-87

By JUDGE HERBERT C. GILL, JR.

I have considered the Motion for Summary Judgment filed on behalf of First General Services of Richmond, Inc. ("First General") regarding the timeliness of the memorandum of the mechanic's lien by A. E. Tate Lumber Company, Inc. ("Tate Lumber"). First General asserts that the mechanic's lien is void because it was filed more than ninety days following the last day of the month in which materials were last delivered to the property as set out in Va. Code Section 43-4.

The memorandum was filed by Tate Lumber on Monday, March 2, 1987. First General asserts that the last day for filing under Section 43-4 was Saturday, February 28, 1987. The clerk's office, where the memorandum of mechanic's lien must be recorded, is not open for business on Saturdays, and thus was closed on February 28, 1987.

Va. Code Section 1-13.3:1 is dispositive of the issue in this matter. It provides:

> *When the last day fixed by statute,* or by rule of the Supreme Court of Virginia for the commencement of any proceeding, *for any paper to be served, delivered or filed,* or for any other act to be done in the course of judicial proceed-

ings *falls on a Saturday, Sunday, legal holiday, or any day on which the clerk's office is closed as authorized by statute,* the proceeding may be commenced, *the paper may be served,* delivered or filed and the act may be done *on the next day that is not a* Saturday, Sunday or legal holiday, or *day on which the clerk's office is closed as authorized by statute.*

I am of the opinion that the language of the aforementioned statute provides that when the last day "for any paper to be served, delivered, or *filed*" falls on a Saturday, then the filing may be done on the next day the clerk's office is open. Further and in addition to the foregoing, the filing of the memorandum of mechanic's lien is a necessary prerequisite standing to enforce the mechanic's lien and is an act done "in the course of judicial proceedings."

The memorandum of mechanic's lien was timely filed, and the motion for summary judgment by First General Services of Richmond, Inc. is denied.